FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 17 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | CRIMINAL NO. 05-0379 BB |
| **COLBY ATKINS,** ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **COLBY ATKINS** and the defendant's counsel, **C. DAVID HENDERSON, Esq.**:

### REPRESENTATION BY COUNSEL

1. The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands his rights:

   a. to have the case presented to a grand jury;

   b. to plead not guilty;

   c. to have a trial by jury;

54

d. to confront and cross-examine witnesses and to call witnesses in his defense; and

e against compelled self-incrimination.

## **WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The defendant hereby agrees to waive these rights and to plead guilty to an information charging violation of 18 U.S.C. §§ 2113(a) and (d), that being Armed Bank Robbery, 18 U.S.C. § 2, that being Aiding and Abetting and 18 U.S.C. § 924 (c)(1)(A)(iii), that being Use of a Firearm During and in Relation to a Crime of Violence (Discharge).

## **SENTENCING**

4. The defendant understands that the maximum penalty the Court can impose is: as to Count 1:

   a. imprisonment for a term of incarceration of not more than 25 years;

   b. a fine not to exceed $250,000; and

   c. a mandatory term of supervised release for not more than five (5) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release).

as to Count 2

   a. imprisonment for a mandatory period of 10 years; this period of incarceration must be imposed consecutively to any term of imprisonment imposed for Count 1;

2

b.  a fine not to exceed $250,000;

c.  a mandatory term of supervised release for not more than three (3) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.  a mandatory special penalty assessment of $100.00; and

e.  restitution as may be ordered by the Court.

5.  Sentencing is pursuant to the Sentencing Reform Act of 1984, making the sentencing guidelines advisory.

6.  It is expressly understood and agreed by and between the defendant and the United States that:

a.  The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.

b.  The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., any request made by the defendant or on behalf of the defendant for a particular sentence in this case.

c.  The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report

prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

## STIPULATIONS

7. The United States and the defendant stipulate as follows:

   a. Pursuant to U.S.S.G. § 3E1.1, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Consequently, the defendant is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes her entitlement to this reduction.

   b. The parties stipulate that the appropriate sentence for Count 1 is at the bottom end of the applicable guideline range.

8. The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report.

## GOVERNMENT'S AGREEMENT

9. Provided that the defendant fulfills his obligations as set out above, the United States agrees that:

4

a. The United States will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico and will dismiss the indictment currently pending in this criminal cause number.

10. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## **VOLUNTARY PLEA**

11. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## **VIOLATION OF PLEA AGREEMENT**

12. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

**SPECIAL ASSESSMENT**

13. At the time of the sentencing hearing, the defendant will tender to the United States Attorney's Office a money order or certified check payable to the order of the United States District Court, District of New Mexico, Post Office Box 689, Albuquerque, New Mexico 87103, in the amount of $200.00 in payment of the special penalty assessment described above.

**ENTIRETY OF AGREEMENT**

14. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 7th day of Feb., 2006.

DAVID C. IGLESIAS
United States Attorney

CHARLES L. BARTH
Assistant United States Attorney
201 3rd Street, NW
Albuquerque, New Mexico 87103
(505) 224-1450

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

_____
COLBY ATKINS
Defendant

_____
C. DAVID HENDERSON
Attorney for Defendant