IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CASE NO.  05-CR-0379 MV |
|  | ) |  |
| **COLBY ATKINS,** | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

### RESPONSE OF THE UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PROBATION AND OBJECTIONS REGARDING PETITION TO MODIFY THE CONDITIONS OF DEFENDANT'S SUPERVISION

On September 18th, 2018, Probation Officer Wade Miller petitioned the Court to modify conditions of supervision for Colby Atkins after discovering that Mr. Atkins had recently bought a $42,000 muscle car without consulting his probation officer. This purchase necessitated a $700 per month car payment, while Defendant was only paying $25.00 per month payment towards a restitution debt in excess of $20,000. Probation now requests that Defendant be required to pay $250.00 per month towards restitution. As part of this petition, Probation also requests additional financial oversight and a requirement for pre-approval of financial contracts or new lines of credit for Mr. Atkins. In response to this eminently reasonable request, the Defendant objects to everything but the request for an increased restitution payment. Defendant also requests that the Court waive or limit the interest that may accrue on Mr. Atkins' restitution debt because Mr. Atkins was allegedly ignorant of the existence of interest on his debt.

Put plainly, Mr. Atkins asks the Court to take money away from his victim, despite his clear ability and demonstrated failure to make meaningful payments towards restitution, because he never bothered to make inquiries for himself regarding his restitution debt. Defendant's

request to waive interest should be denied, Defendant's objections to Probation's petition should be overruled, and the modifications requested by Probation should be imposed.

## **ARGUMENT**

    I.    <u>The collection of interest on Defendant's restitution debt is mandatory unless the Court specifically finds that the Defendant does not have the financial ability to pay interest.</u>

The purpose of restitution is "to ensure that wrongdoers, to the degree possible, make their victims whole." *United States v. Patty*, 992 F.2d 1045, 1050 (10th Cir. 1993)(*quoting United States v. Rochester*, 898 F.2d 971 (5th Cir. 1990). "… [I]nterest reflects the victim's loss due to his inability to use the money for a productive purpose, and is therefore necessary to make the victim whole. This is especially true when, as in this case, the victim is a financial institution because '[f]oregone interest is one aspect of the victim's actual loss.'" *Id*. (*quoting United States v. Smith,* 944 F.2d 618, 626 (9th Cir. 1991)).

18 U.S.C. § 3612(f)(1) states that "The defendant <u>shall pay interest</u> on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." [emphasis added]. Despite this clear statutory mandate, Mr. Atkins argues that he should not be required to pay interest because his judgment did not specifically address the question of interest, or how it would be applied to restitution payments. *Defendant's Motion to Modify Conditions, Doc*. 112 at ¶ 4. To be clear, none of Mr. Atkins' restitution payments have been applied to interest accruing on his debt. It is the practice of the United States to apply all received restitution payments to principal, until such time as the principal is paid in full. Only then, are payments applied to interest. This is consistent with the statutory requirements of 18 U.S.C. § 3612(i) which enumerates specifically how Defendant's payments must be applied.

2

Although the Defendant does have sufficient financial resources to pay interest on his restitution debt and no payments have been applied to interest so far, the Court does have the authority to modify the collection of interest on a restitution debt if the Court finds that the Defendant does not have the financial ability to pay interest. 18 U.S.C. § 3612(f)(1). However, whether the Court *can* waive the interest accruing on Defendant's restitution debt and whether the Court *should* are two very different questions.

### a. Mr. Atkins has sufficient financial resources to pay interest, and should be required to pay substantially more than his customary $25 per month.

In financial disclosures provided to the United States in April 2018, Mr. Atkins represented that he made approximately $2,894 per month, from an employer that had employed him for 15 months. Despite this, Mr. Atkins has been making voluntary payments of only $25 per month since leaving jail, an amount that constitutes less than one percent of his monthly income.[1] Despite this, Mr. Atkins represented to the United States that he pays $240 per month for Cable TV. Additionally, Mr. Atkins stated that he paid nearly $800 per month in rent, $200 per month for electricity, $200 per month for clothing and miscellaneous expenses, and $300 for other expenses.

However, the most egregious spending, considering his outstanding restitution debt, concerns Defendant's choice in vehicles. In April 2018 as part of his financial disclosure, Mr. Atkins represented that he was paying a $446.41 per month car payment on a 2012 Dodge Charger valued at $22,002.98, but for which Mr. Atkins owed $26,181.44. However, between April and August 2018, Mr. Atkins purchased an even more luxurious vehicle: Mr. Atkins

---

[1] Mr. Atkins has been subjected to the treasury offset program, but the United States has not received any offset for 2018, which means that Mr. Atkins has likely not yet filed his 2017 tax return.

represented to Probation that his new vehicle (believed to a Chevrolet Camaro muscle car) cost $42,000 and that he pays approximately $700 per month on his new car payment. Despite having sufficient funds to purchase a sporty new car, Mr. Atkins has continued to pay the same $25 per month that he paid while in BOP custody.

Mr. Atkins still owes approximately $21,225.14 on his restitution principal (and approximately $14,000 in interest). Given Defendant's past payment schedule, it would appear that Defendant raising the issue of ability to pay interest at this juncture is an exercise in futility; at the voluntary payment rate that the Defendant has been using, it would take approximately seventy years for the Defendant to even pay off the principal on his restitution debt. However, the general rule is that the United States may only collect restitution judgments for twenty years after a restitution debtor is released from any term imprisonment. *See* 18 U.S.C. § 3613.

When considered in this light, it is disingenuous for Mr. Atkins to assert that the interest assessed on his restitution debt has any bearing upon the amount that he has been paying towards his debt, unless he is suggesting that he is flouting his restitution obligation simply because he is upset about the existence of interest. Probation has requested that Defendant be required to pay the greater of $250 per month or 10% of Defendant's income towards restitution. This is perfectly reasonable when the request is put in context - the United States can typically garnish 25% of the wages of a restitution debtor. *See generally* 18 U.S.C §§ 3205, 3613.

> **b. The Defendant has never made more than a *de minimis* voluntary payment on his restitution debt post-custody, even though the accrual of interest has been known to Defendant since at least April 2018.**

To further support his objection to new conditions of supervision, and his request to waive restitution interest, Mr. Atkins also claims that "[a]t no time was Mr. Atkins ever notified

4

that interest would be applied nor has he been provided with a breakdown of how the interest has been applied in this case. *Defendant's Motion, Doc. 112* at ¶¶ 12, 14. This is incorrect.

In March 2018, the United States Attorney's Office, Financial Litigation Unit ("FLU") requested that Mr. Atkins complete a financial disclosure statement and provide financial records to the office for review. Mr. Atkins completed that disclosure on April 3rd, 2018; it appears to have been received by the United States Attorney's Office sometime prior to April 16, 2018. On or about April 16th, 2018, FLU staff spoke via telephone with Mr. Atkins about reaching an agreed upon payment plan for his restitution debt. Notes to the file indicate that Mr. Atkins was "upset" that the interest accruing on his account could not be waived on request. He indicated that he would continue making minimal $25 per month payments and contact an attorney. There is nothing in the file that would indicate that Mr. Atkins requested a payment history or other accounting regarding the interest due on his account at this time, but it is clear that Mr. Atkins was at least aware of the issue of interest in April 2018. Although it is not specifically noted in the file, if he had requested a payment history or interest calculation, it would have been provided directly to him, as is standard practice for the FLU.[2]

Defendant further claims that information was withheld from the Defendant and that "if Defendant had been aware that interest was being applied, he would have made different choices in his payment plans with the Court." *Defendant's Motion, Doc. 112* at ¶ 14. However, as stated,

---

[2] In addition to Mr. Atkins being aware of interest for the last several months, defense counsel first contacted the FLU of the United States Attorney's Office on October 25th, 2018, requesting copies of Mr. Atkins payment history. This information was sent by email to defense counsel the next day, October 26th, 2018. Defense counsel contacted AUSA Holland Kastrin to request this information again on Friday November 2, 2018. This information was provided again by email on the same day. To claim that "[a]t no time was Mr. Atkins… provided with a breakdown of how the interest has been applied to the restitution in this case" is mistaken. That information was provided to defense counsel prior to the filing of Defendant's Motion. Copies of those emails will be available at the scheduled hearing should the Court wish to review them.

5

Mr. Atkins himself has been aware that interest is applied to his restitution debt since at least April 2018; despite this knowledge, Mr. Atkins has only made voluntary payments of less than 1% of his monthly income towards his restitution debt in the intervening period. To compound the problem, after discussing interest with the U.S. Attorney's Office, Defendant did not pay more; instead he purchased a $42,000 vehicle, requiring payments of $700 per month.

Despite all of this, Defendant asks the Court to reduce or remove the interest that is accruing upon his restitution debt, despite his willful failure to make anything more than *de minimis* voluntary payments. Defendant has paid at a schedule that would require fifty additional years beyond the expiration of the restitution judgment to satisfy his principal debt. It beggars belief to speculate that Defendant would have made a good faith effort to pay his debt, if only he had been specifically advised of the statutorily required interest at an earlier juncture. But the Court need not engage in a thought experiment to disprove this hypothesis. The Defendant has made at least eight restitution payments since he was undisputedly aware of restitution interest – he has continued to pay less than 1% of his income to make his victim whole.

Mr. Atkins does not approach the Court with clean hands when requesting that he be required to pay no interest in light of his excessive personal spending, and alleged lack of knowledge of accruing interest. Since becoming aware of accruing interest, Defendant's payments have not improved – instead he bought a $42,000 car. Additionally, as of this filing, Defendant's payment history does not reflect that an offset against his expected tax refund for the 2017 tax year has occurred. Therefore, unless the Defendant has filed his 2017 income tax within the last two weeks (which is after the time allotted by lawful request for an extension), it is not unreasonable to conclude that the Defendant is failing to file taxes so as to avoid an offset

of an expected tax refund. In addition to being a criminal offense, this further indicates that the Defendant continues to not be serious about paying his restitution in a timely manner.

## **CONCLUSION**

The Defendant needs to take responsibility for paying his restitution debt in a timely manner. He has not demonstrated that he lacks the financial resources to pay interest once his principal balance is satisfied. To the contrary, Defendant has paid less than 1% of his income in voluntary payments since leaving custody, with no change since becoming aware of accruing interest. This pattern demonstrates that the conditions requested by Probation are not only proper, but are also necessary to ensure that Mr. Atkins' victim is made whole. Therefore, the United States requests that Probation's Petition for Modification be granted in full, and the Defendant's request to waive restitution interest be denied.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

/s/ *Electronically filed by Brandon L. Fyffe*
HOLLAND S. KASTRIN
BRANDON L. FYFFE
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that on November 7, 2018, I filed the foregoing electronically through the CM/ECF system, which caused Defendant's counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Electronically filed*
BRANDON L. FYFFE
Assistant United States Attorney